## In re LIBERMAN.
### No. 3559.

District Court, S. D. Alabama.
July 19, 1930.

Keith & Wilkinson, of Selma, Ala., for petitioner.

Craig & Brown, of Selma, Ala., for bankrupt.

ERVIN, District Judge.

This matter comes on to be heard on a petition to review an order of the referee granting $1,000 exemptions to the bankrupt, D. Liberman.

The facts are that the bankrupt came to this country from Russia in 1904 and settled in Selma where he was naturalized and went into business and remained until 1912. He registered in Selma and paid poll taxes for 1910, 1911, and 1912.

He moved in 1912 to Albany, Ga., and stayed there five years.

He came back to Selma and went into business in 1918, and in February, 1919, moved to Uniontown and went into business there and stayed till 1924 when he sold out to Abe Cohen and moved to Chicago.

He married in 1919 while living in Uniontown and lived there about a year with his wife, who went back to Chicago in 1920, and when he sold out in 1924 he went to live with his wife and two children there, and has lived there with them ever since.

In 1927 he bought an interest in the business being conducted in Uniontown by Abe Cohen, and since then has spent about three or four months each year in the fall and winter in Uniontown. During these periods he rented a room by the month, taking credit for any time he was absent, and took his meals at a boarding house.

During the period from 1925 to 1927 he came to Alabama once as an agent trying to sell automobile tires and stayed a few days.

In September, 1929, he started in Uniontown the business known as the D. L. Chain Store, out of which the exemptions are claimed, and hired Dave Cohen, a nephew, to run it for him.

It does not appear how he made a living from 1924 to 1927 while living in Chicago, but he purchased a small hotel building and rented it out, but he certainly had no residence or business connection in Alabama during these three or four years, but he did have banking connections in Chicago.

He has certainly owned no home in Alabama since 1912 when he moved to Georgia. Nor has he been registered here or taken any part in politics as a voter. It does not appear that he had any fraternal or religious connections in Alabama.

Conceding that citizenship or domicile once established is presumed to continue, and that the bankrupt did establish such relation in Alabama in 1910, 1911, and 1912, it looks to me that when he moved to Georgia for five years, having no business or residential connections in Alabama during that period, it was lost. He came back in 1918 and stayed till 1924 in Selma and Uniontown while in business in those places, if this re-established the relation, then when he sold out and moved to Chicago with his wife and children in 1924 he again lost it.

If so, was this status re-established in 1927 or since?

When he bought the business interest from Abe Cohen, his nephew, in 1927, he had a wife and two children living in Chicago where they still reside, and he continued to live with them, coming to Alabama for three or four months a year, and renting a room and boarding during his stay here.

It does not appear to me that this conduct under these circumstances would change his residence or domicile.

He seems to have been one of those floating characters having little or no interest in a residence or domicile, going where and when business interests prompted.

Under the facts shown in this record I feel constrained to reverse the ruling of the referee and deny the claim to exemptions because the bankrupt is not entitled, under the laws of Alabama, to the exemptions claimed.